No. 32,044

WEBB E. SMITH, *Appellant*, v. HOWARD McCONNELL, doing business as McConnell Lumber & Duntile Company, *Appellee*.

(40 P. 2d 470)

Opinion filed January 26, 1935.

*George K. Melvin* and *R. E. Melvin,* both of Lawrence, for the appellant.
*Harry W. Frazee, M. A. Gorrill* and *Henry H. Asher,* all of Lawrence, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action for damages for the alleged breach of a parol warranty in the sale of aluminum paint. The verdict and judgment were for defendant, and plaintiff has appealed.

The plaintiff Smith, on May 20, 1932, entered into a written contract with the state architect and the business manager of the state to furnish the materials and to paint a standpipe at one of the state institutions. Specifications attached to the contract contained this provision, relating to painting the outside of the standpipe:

"The exterior of the standpipe shall be thoroughly cleaned and then painted from top to bottom as follows: The first coat of metal primer to consist of inhibition blue lead and Dixons Graphite mixed with superboiled linseed oil. Then a double spray coat of aluminum paint, as manufactured by the Pittsburg Plate Glass Company, or other approved equal."

The contractor guaranteed the painting to stand in good condition for a stated period.

Smith purchased paint to use on this contract from the defendant, McConnell, and painted the standpipe. The state architect, who had authority to approve or disapprove the work, inspected it after it was completed, and rejected it for two reasons: (1) Because the kind of paint specified was not used, and (2) because of poor workmanship. The result was Smith had to scrape off the aluminum paint he had put on the outside of the standpipe and repaint it with

approved paint and good workmanship. This action is to recover the expense he was put to in doing so, alleged to be $287.31.

Plaintiff predicated his action upon the theory that defendant specifically guaranteed this paint for this particular job. The evidence on this point was conflicting. Obviously the jury believed and relied upon the evidence of defendant that no such guarantee was made. The paint was not of the brand named in the specifications, nor did plaintiff submit it to the state architect for his approval. The architect had a reason for wanting to approve the paint, if some other brand were used. He knew the ingredients of the first coat of paint and wanted the aluminum paint covering it to contain ingredients which would be appropriate for the first coat base and did not care to use a brand of paint the ingredients of which he did not know. More than that, there was evidence to the effect that the trouble with the job was not the paint itself, but the manner in which it was applied. The architect refused it for the two reasons. Defendant was not at all responsible for the manner in which the paint was applied, and there is no contention that he was; hence, it is difficult to see how plaintiff could have won this action had he been able to show defendant had guaranteed the paint for the particular job.

There really is nothing in this case but controverted questions of fact. The records of this court should not be encumbered by cases involving such questions only.

Appellant complains of the ruling of the court in excluding evidence, but appellant is in no position to present that question, since he did not comply with our statute (R. S. 60-3004) by presenting the evidence properly on the hearing of a motion for a new trial.

Criticism also is made of some of the court's instructions. The jury was instructed orally, and perhaps the statements in them are not arranged as well as they would have been had the instructions been prepared in writing, but they fairly presented the case to the jury. Appellant did not complain of them when they were given, and his criticism of them now is not well taken.

The judgment of the court below is affirmed.